AO 91 (REV.5/85) Criminal ComplaintAUSA Asheeka Desai (312) 886-2050

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCISCO SANCHEZ-GOMORA, aka "Francisco Zamora", and "Francisco Martin Sanchez-Sanchez" | CASE NUMBER: 25CR537<br><br>FILED<br>9/3/2025<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

**CRIMINAL COMPLAINT**

I, the undersigned complainant, state that the following is true and correct to the best of my knowledge and belief.

On or about August 30, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326(a) | being an alien who previously had been deported and removed from the United States on or about August 12, 1991, June 17, 1995, November 24, 1998, December 31, 2008, October 29, 2015, January 24, 2020, and August 27, 2021, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States. |

This criminal complaint is based upon these facts:

   X   Continued on the attached sheet.

/s/ Renee Fals
RENEE FALS
Deportation Officer
U.S. Immigration and Customs Enforcement

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: September 3, 2025M. David Weisman
*Judge's signature*

City and state: Chicago, IllinoisM. DAVID WEISMAN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, RENEE FALS, being duly sworn, state as follows:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have been so employed for approximately 18 years. I am a member of an investigative unit within ICE that specializes in the apprehension of criminal aliens. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. I submit this affidavit in support of a criminal complaint alleging that FRANCISCO SANCHEZ-GOMORA, also known as "Francisco Zamora" and "Francisco Martin Sanchez-Sanchez", has violated Title 8, United States Code, Section 1326(a), Reentry of Removed Aliens, by being present and found in the United States after having been deported, and is subject to the enhanced penalty provision set forth in Title 8, United States Code, Section 1326(b)(2) because defendant previously was removed following conviction for an aggravated felony. Because I submit this affidavit for the limited purpose of establishing probable cause in support of a criminal complaint charging SANCHEZ-GOMORA with illegal reentry, I have not included each and every fact known to me concerning this investigation. Instead,

1

I have set forth only the facts that I believe are necessary to establish probable cause to believe that SANCHEZ-GOMORA committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by ICE, other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, SANCHEZ-GOMORA is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that SANCHEZ-GOMORA was born in Mexico in 1962 and originally entered the United States on or about an unknown date at or near an unknown location without being inspected, admitted, or paroled.

5. Records maintained by the Los Angeles County Superior Court in Van Nuys, California reflect that on or about March 11, 1988, SANCHEZ-GOMORA was convicted of voluntary manslaughter, a felony, and sentenced to seven years' imprisonment. SANCHEZ-GOMORA was fingerprinted in connection with the arrest associated with this conviction, and his fingerprints were entered into a law enforcement database.

6. DHS records reflect that following his March 11, 1988 conviction, SANCHEZ-GOMORA was ordered from the United States by an Immigration Judge in Florence, Arizona. On or about August 12, 1991, SANCHEZ-GOMORA was removed from the United States to Mexico at or near Nogales, Arizona.

2

7. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

8. DHS records reflect that on or about June 17, 1995, SANCHEZ-GOMORA was removed from the United States to Mexico at or near Calexico, California after being ordered removed to Mexico by an Immigration Judge in San Francisco, California.

9. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

10. Records maintained by the Los Angeles County Superior Court in Van Nuys, California reflect that on or about July 9, 1997, SANCHEZ-GOMORA was convicted of corporal injury to spouse, a felony, and sentenced to three years' imprisonment. SANCHEZ-GOMORA was fingerprinted in connection with this conviction, and his fingerprints were entered into a law enforcement database.

11. DHS records reflect that on or about November 24, 1998, SANCHEZ-GOMORA was again removed from the United States to Mexico at or near Calexico, California.

12. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

13. Records maintained by the United States District Court for the Central District of California reflect that on or about February 22, 2005, SANCHEZ-GOMORA was convicted of Reentry of Removed Aliens, in violation of Title 8, United States Code, Section 1326(a), and sentenced to 57 months' imprisonment. SANCHEZ-GOMORA was fingerprinted in connection with the arrest associated with this conviction, and his fingerprints were entered into a law enforcement database.

14. DHS records reflect that on or about December 31, 2008, SANCHEZ-GOMORA was again removed from the United States to Mexico at or near Alexandria, Louisiana. SANCHEZ-GOMORA's photograph and fingerprint appear on the DHS Form I-205 associated with this removal.

15. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

16. Records maintained by the United States District Court for the Northern District of Illinois reflect that on or about September 11, 2015, SANCHEZ-GOMORA was convicted of Reentry of Removed Aliens, in violation of Title 8, United States Code, Section 1326(a), and sentenced to 19 months' imprisonment. SANCHEZ-GOMORA was fingerprinted in connection with the arrest associated with this conviction, and his fingerprints were entered into a law enforcement database.

17. DHS records reflect that on or about October 29, 2015, SANCHEZ-GOMORA was again removed from the United States to Mexico at or near El Paso,

Texas. SANCHEZ-GOMORA's photograph and fingerprint appear on the DHS Form I-205 associated with this removal.

18. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

19. Records maintained by the United States District Court for the Northern District of Illinois reflect that on or about January 10, 2020, SANCHEZ-GOMORA was convicted of Reentry of Removed Aliens, in violation of Title 8, United States Code, Section 1326(a), and sentenced to 16 months' imprisonment. SANCHEZ-GOMORA was fingerprinted in connection with the arrest associated with this conviction, and his fingerprints were entered into a law enforcement database.

20. DHS records reflect that on or about January 24, 2020, SANCHEZ-GOMORA was again removed from the United States to Mexico at or near Brownsville, Texas. SANCHEZ-GOMORA's photograph and fingerprint appear on the DHS Form I-205 associated with this removal.

21. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

22. Records maintained by the United States District Court for the Southern District of Texas reflect that on or about August 18, 2020, SANCHEZ-GOMORA was convicted of Improper Entry by an Alien in violation of Title 8, United States Code, Section 1325(a)(1), and sentenced to 20 months' imprisonment.

5

SANCHEZ-GOMORA was fingerprinted in connection with the arrest associated with this conviction, and his fingerprints were entered into a law enforcement database.

23. DHS records reflect that on or about August 27, 2021, SANCHEZ-GOMORA was again removed from the United States to Mexico at or near Laredo, Texas. SANCHEZ-GOMORA's photograph and fingerprint appear on the DHS Form I-205 associated with this removal.

24. On or about an unknown date at or near an unknown location, SANCHEZ-GOMORA re-entered the United States without being inspected, admitted, or paroled.

25. On or about August 30, 2025, ICE discovered that SANCHEZ-GOMORA was present in the United States, in Chicago, Illinois, after agents initiated a vehicle stop on a vehicle registered to SANCHEZ-GOMORA.[1] After an individual in the vehicle verbally confirmed his identity to law enforcement officers as SANCHEZ-GOMORA, ICE agents administratively arrested him and transported him to the Broadview Field Office for processing. SANCHEZ-GOMORA was fingerprinted in

---

[1] According to DHS records, on or about March 25, 2023, an individual who identified himself as SANCHEZ-GOMORA with the same date of birth as SANCHEZ-GOMORA was encountered by local law enforcement in Lake County, Illinois following a routine traffic stop. During the encounter, the officer conducted a warrant check on the individual, which alerted him that the individual had an active immigration detainer and was wanted by ICE. The officer contacted the Law Enforcement Support Center to confirm the identity of the individual as SANCHEZ-GOMORA. SANCHEZ-GOMORA's identity was confirmed through name, date of birth, and photograph; no biometrics were taken, and no biometric match was made. Despite knowledge that SANCHEZ-GOMORA had an active immigration detainer, the officer released SANCHEZ-GOMORA after obtaining an address and place of employment from him. Shortly thereafter, ICE agents learned about this encounter and began efforts to locate SANCHEZ-GOMORA in the United States. Federal agents did not successfully locate SANCHEZ-GOMORA in the United States until on or about August 30, 2025.

connection with this arrest, and his fingerprints were entered into a law enforcement database.

26. Also on or about August 30, 2025, the fingerprints of the individual arrested on or about August 30, 2025 were submitted to a law enforcement database, which confirmed a match to fingerprints previously entered into the system belonging to SANCHEZ-GOMORA, including fingerprints connected to SANCHEZ-GOMORA's March 11, 1998 conviction for voluntary manslaughter, July 9, 1997 conviction for corporal injury to spouse, February 22, 2005 conviction for illegal reentry, September 11, 2015 conviction for illegal reentry, January 10, 2020 conviction for illegal reentry, and August 18, 2020 conviction for improper entry, as well as fingerprints connected to SANCHEZ-GOMORA's December 31, 2008, October 29, 2015, January 24, 2020 and August 27, 2021 removals.[2]

27. A review of DHS and law enforcement records indicates that SANCHEZ-GOMORA's photograph from his December 31, 2008, October 29, 2015, January 24, 2020, and August 27, 2021 removals appear to match the photograph of the individual who was arrested by ICE in Chicago, Illinois on or about August 30, 2025.[3]

---

[2] Although SANCHEZ-GOMORA's fingerprints do appear on the DHS Form I-205's associated with his August 12, 1991, June 17, 1995, and November 24, 1998 removals, these fingerprints were not uploaded to the law enforcement database, and no match could be made. However, these removal dates appear on the two indictments filed in the Northern District of Illinois charging SANCHEZ-GOMORA with Reentry of Removed Aliens, in violation of Title 8, United States Code, Section 1326(a), for which he was convicted on or about September 11, 2015 and on or about January 10, 2020. In addition, the June 17, 1995 removal date also appears on the indictment filed in the Southern District of Texas charging SANCHEZ-GOMORA with Improper Entry by an Alien, in violation of Title 8, United States Code, Section 1325(a)(1), for which he was convicted on or about August 18, 2020.

[3] No photograph appears on the DHS Form I-205's associated with SANCHEZ-GARCIA's August 12, 1991, June 17, 1995, and November 24, 1998 removals.

7

28. DHS records further reflect that since his last removal, SANCHEZ-GOMORA has not applied for nor received permission from the Secretary of DHS to re-enter the United States.

29. Based upon the foregoing, I respectfully submit that there is probable cause to believe that on or about August 30, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, SANCHEZ-GOMORA, being an alien who previously had been deported and removed from the United States on or about August 12, 1991, June 17, 1995, November 24, 1998, December 31, 2008, October 29, 2015, January 24, 2020, and August 27, 2021, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

FURTHER AFFIANT SAYETH NOT.

*/s/ Renee Fals*
RENEE FALS
Deportation Officer
Immigration and Customs Enforcement

SWORN TO AND AFFIRMED by telephone on September 3, 2025.

Honorable M. DAVID WEISMAN
United States Magistrate Judge

8